**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LARRY DONELL SMITH, | ) | NO. CV 11-07332 JAK (SS) |
| Petitioner, | ) | **ORDER ACCEPTING FINDINGS,** |
| v. | ) | **CONCLUSIONS, AND RECOMMENDATIONS OF** |
| ANTHONY HEDGPETH, Warden, | ) | **UNITED STATES MAGISTRATE JUDGE** |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge (the "R&R"). Additionally, Petitioner filed a "Motion for Certificate of Appeal[abili]ty" on October 24, 2011, which the Court construes as Objections (the "Objections"). After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

\\

\\

As set forth in the R&R, Petitioner's sentencing claim is foreclosed by Ninth Circuit precedent and therefore would fail, even if the Petition was timely. (R&R at 10-11). Petitioner's Objections neglect to address the controlling authority governing his claim. As noted in the Report, the rule discussed in <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), regarding Sixth Amendment confrontation rights, does not apply in sentencing proceedings. <u>See</u> <u>United States v. Littlesun</u>, 444 F.3d 1196, 1199 (9th Cir. 2006) ("Crawford does not expressly speak to sentencing . . . . <u>Crawford</u> speaks to trial testimony, not sentencing.") (R&R at 10-11).

Petitioner's Objections address only the timeliness issue. Petitioner contends for the first time that he is entitled to equitable tolling because his appellate counsel refused to return Petitioner's transcripts. (Objections at 6).[1] Petitioner admits, however, that on February 27, 2003, he received a letter from the California Appellate Project notifying him that they had located Petitioner's transcripts. (<u>Id.</u>). Petitioner has attached a copy of the letter which instructs Petitioner on how to obtain his transcripts. (<u>Id.</u> at 15). Thus, Petitioner's inability to obtain his transcripts could only have justified his delay through early 2003. Even if Petitioner was entitled to equitable tolling to some point in 2003, the instant Petition would still be untimely because it was not filed until August 28, 2011. Petitioner has failed to allege any facts explaining his delay during

---

[1] The Court refers to the pages of the Objections as if they were consecutively paginated.

2

the over eight-year period from early 2003 until August 28, 2011. Accordingly, Petitioner's Objections lack merit.

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his address of record.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 1, 2011

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

3